L6pnmalp

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                        19 Cr. 714 (VM)(SDA)

5   DOV MALNIK,

6              Defendant.               Plea

7   ------------------------------x

8                                        New York, N.Y.
                                         June 25, 2021
9                                        11:30 a.m.

10  Before:

11
                    HON. STEWARD D. AARON,
12
                                         U.S. Magistrate Judge
13
                             APPEARANCES
14
    AUDREY STRAUSS
15       United States Attorney for the
         Southern District of New York
16  BY:  DANIEL M. TRACER
         Assistant United States Attorney
17
    RANDALL JACKSON
18       Attorney for Defendant

19  ALSO PRESENT:

20  Matthew Mahaffey, FBI

21

22

23

24

25

L6pnmalp

1          (Case called)

2          THE DEPUTY CLERK:  Counsel, please state your

3   appearances for the record.

4          MR. TRACER:  Daniel Tracer, for the government.  I'm

5   joined by Special Agent Matt Mahaffey with the FBI.

6          Good morning, your Honor.

7          THE COURT:  Good morning.

8          MR. JACKSON:  Good morning, your Honor.  Randall

9   Jackson, on behalf of the defendant, Mr. Malnik.

10          THE COURT:  Good morning.

11          We are here this morning in connection with a guilty

12   plea that Mr. Malnik wants to enter.

13          Am I correct?

14          MR. JACKSON:  Yes, your Honor.

15          THE COURT:  All right.  I have before me a document

16   entitled Consent to Proceed Before a United States Magistrate

17   Judge On a Felony Plea Allocution.

18          And, Mr. Malnik, am I correct that you signed this

19   document?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  All right.  The form says that you know

22   you have the right to have your plea taken by a United States

23   district judge, but you are agreeing to have your plea taken by

24   a United States magistrate judge.  As a magistrate judge I have

25   the authority to take your plea with your consent, and you'll

L6pnmalp

1   still be entitled to all the same rights and protections as if

2   you were before a district judge.  Among other things, if you

3   are found guilty you will be sentenced by a district judge.

4            Did you sign this form voluntarily?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  And did Mr. Jackson explain it to you

7   before you signed it?

8            THE DEFENDANT:  Yes, your Honor.

9            THE COURT:  And do you wish to proceed to have your

10   plea taken before me, a United States magistrate judge?

11            THE DEFENDANT:  Yes, your Honor.

12            THE COURT:  So I am accepting your consent.

13            Thank you.  Please be seated.

14            THE DEFENDANT:  Thank you.  I will now ask my deputy

15   to please swear Mr. Malnik.

16            (Defendant sworn)

17            THE COURT:  Mr. Malnik, the purpose of this proceeding

18   is to make sure that you understand your rights, to decide

19   whether you're pleading guilty of your own free will, and to

20   make sure you are pleading guilty because you are in fact

21   guilty and not for some other reason.

22            Do you understand?

23            THE DEFENDANT:  Yes, I do, your Honor.

24            THE COURT:  I am now going to ask you certain

25   questions.  It is very important that you answer these

L6pnmalp

1   questions honestly and completely.  If you don't understand any

2   questions or if you want any time to consult with your counsel,

3   please let me know, because it's important that you understand

4   every question before you answer.  Okay?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  And what is your full name?

7            THE DEFENDANT:  Dove Malnik.

8            THE COURT:  And how old are you?

9            THE DEFENDANT:  I'm 43 years old.

10            THE COURT:  And can you read and write in the English

11   language?

12            THE DEFENDANT:  Yes, I do, your Honor.

13            THE COURT:  What is the highest grade in school that

14   you completed?

15            THE DEFENDANT:  I'm completed university degree,

16   bachelor's degree in the U.S.

17            THE COURT:  And are you currently or have you recently

18   been under the care of a doctor or a mental health professional

19   for any reason?

20            THE DEFENDANT:  No, your Honor.

21            THE COURT:  And are you under the influence of any

22   drug or alcohol today?

23            THE DEFENDANT:  No, your Honor.

24            THE COURT:  How are you feeling physically today?

25            THE DEFENDANT:  I'm feeling fine, your Honor.

L6pnmalp

1           THE COURT:  Have you had sufficient time to discuss

2      the charges against you and your plea with your attorney?

3           THE DEFENDANT:  Yes, your Honor.

4           THE COURT:  And have you been satisfied with the

5      advice and counsel that your attorney has provided to you?

6           THE DEFENDANT:  Yes, your Honor.

7           THE COURT:  And are you ready to enter a plea today?

8           THE DEFENDANT:  Yes, your Honor.

9           THE COURT:  Does either counsel have any objection

10     with respect to Mr. Malnik's competence to plead at this time?

11          MR. TRACER:  Not from the government.

12          MR. JACKSON:  No, your Honor.

13          THE COURT:  All right.  Now, in order to determine,

14     Mr. Malnik, whether your plea is voluntary and made with a full

15     understanding of the charges against you and the consequences

16     of your plea, I am going to be making certain statements to

17     you.  I am also going to be asking you certain questions.  I

18     want you to understand that I need not accept your plea unless

19     I am satisfied that you are in fact guilty and that you fully

20     understand your rights.

21          Now, the plea agreement states that you're pleading

22     guilty to Count Nine of the superseding indictment.  Count Nine

23     charges you with securities fraud -- in violation of Title 15,

24     United States Code, Sections 78j(b) and 78ff; Title 17, Code of

25     Federal Regulations, Section 240.10b-5; and Title 18, United

L6pnmalp

States Code, Section 2 -- and carries a maximum term of

imprisonment of 20 years, a maximum term of supervised release

of three years, a maximum fine pursuant to Title 15, United

States Code, Section 78ff of $5 million, or, pursuant to Title

18, United States Code, Section 3571, twice the gross pecuniary

gain derived from the offense or twice the gross pecuniary loss

to persons other than yourself resulting from the offense.

          Do you understand that this is the crime to which you

are pleading and the maximum and minimum penalties applicable

to that crime?

          THE DEFENDANT:  Yes, your Honor.

          THE COURT:  Now, supervised release means you will be

supervised for a period of years after your release from

prison.  There will be conditions with which you must obey.  If

you don't, you could be sent to prison without a jury trial.

          Do you understand that?

          THE DEFENDANT:  Yes, your Honor.

          THE COURT:  I am also required to tell you there is a

special assessment, or a fine, of $100 that is required to be

imposed.

          Do you understand that as part of your plea agreement

you admit to the forfeiture allegation with respect to Count

Nine of the indictment?

          THE DEFENDANT:  Yes, your Honor.

          THE COURT:  And you have agreed to forfeit to the

L6pnmalp

1   United States, pursuant to Title 18, United States Code,

2   Section 981(a)(1)(C) and Title 18, United States Code, Section

3   2461(c), a sum of money equal to $1,594,779 in United States

4   currency representing proceeds traceable to the commission of

5   the offense.  However, under the terms of the agreement, the

6   United States Attorney's Office will apply a credit against the

7   forfeiture amount for any payments that have been made in the

8   parallel SEC action.

9            Do you understand that?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  In addition, you have consented to the

12   entry of a consent order of forfeiture document that is

13   attached to your plea agreement.

14           Do you understand that?

15           THE DEFENDANT:  Yes, your Honor.

16           THE COURT:  So, that consent order, a copy has been

17   provided to me.  It obviously has not yet been so ordered or

18   approved by Judge Marrero.  Assuming that I make a

19   recommendation to Judge Marrero to accept the plea, this order

20   will be forwarded to Judge Marrero for execution.

21           Am I right about that?

22           MR. TRACER:  Yes, your Honor.

23           THE COURT:  All right.  You did sign that, Mr. Malnik?

24           THE DEFENDANT:  Yes, your Honor, I did.

25           THE COURT:  Do you agree to its terms?

L6pnmalp

1          THE DEFENDANT:  I do, your Honor.

2          THE COURT:  All right.  And do you also understand

3     that any forfeiture of your assets shall not be treated as

4     satisfaction of any fine, restitution, cost of imprisonment or

5     any other penalty the Court may impose upon you in addition to

6     forfeiture?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  And you also have agreed to pay

9     restitution in an amount to be determined by the Court.

10          Do you understand that?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Mr. Malnik, what country are you a citizen

13     of?

14          THE DEFENDANT:  Israel and Lithuania.

15          THE COURT:  You should know that if you are not a

16     citizen of the United States, then your guilty plea and

17     conviction make it very likely that deportation from the United

18     States is presumptively mandatory and that at a minimum you are

19     at risk of being deported or suffering other adverse

20     immigration consequences.

21          Do you understand?

22          THE DEFENDANT:  Yes, your Honor, I do.

23          THE COURT:  Have you discussed the possible

24     immigration consequences of your guilty plea and conviction

25     with your lawyer?

L6pnmalp

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Am I correct that you want to plead guilty

3   regardless of any immigration consequences that may result from

4   your guilty plea and conviction, even if those consequences

5   were to include deportation from the United States?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  If that does happen, you will still be

8   bound by your guilty plea, that is, you will not be able to

9   withdraw it regardless of any advice you've received from your

10   lawyer or others regarding the immigration consequences of your

11   plea.

12          Do you understand that?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Do you understand the charges against you

15   and the consequences of pleading guilty?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Now, in exchange for your plea, the United

18   States Attorney's Office has agreed not to criminally prosecute

19   you further for illegally engaging in transactions in the

20   securities of Omnicare Inc. in or about April and May 2015 on

21   the basis of material, nonpublic information that had been

22   misappropriated from the employer of an investment banker

23   identified as CC-2 in the superseding indictment as charged in

24   Count Nine of the superseding indictment and illegally engaging

25   in transactions in the securities of Avanar Pharmaceuticals,

L6pnmalp

Inc., in or about November and December of 2014, Hyperion
Therapeutics, Inc., in or about March 2015 and Pharmacyclics,
Inc., in or about March 2015 on the basis of material,
nonpublic information that had been misappropriated from the
employer of the investment banker identified as CC-2 in the
superseding indictment as charged in Counts Five, Six, and
Seven of the superseding indictment.

        Do you understand that?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Do you understand that the United States
Attorney cannot make any promises to you concerning criminal
tax violations?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Do you understand that in exchange for
your plea the plea agreement does not bar the use of your
conduct as a predicate act or as a basis for a sentencing
enhancement in a subsequent prosecution?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Do you agree that with respect to any and
all dismissed charge you are not a prevailing party within the
meaning of the Hyde Amendment and that you will not file any
claim under that law?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Do you understand you have the right to
plead not guilty and the right to a trial on the charges

L6pnmalp

1   against you and, in fact, a trial by a jury?

2                   THE DEFENDANT:  Yes, your Honor.

3                   THE COURT:  All right.  I am now going to ask the

4   assistant United States Attorney to state the elements of the

5   crimes charged.  The elements are the things the government

6   would have to prove beyond a reasonable doubt if this case were

7   to go to trial.

8                   MR. TRACER:  Sure, your Honor.

9                   Count Nine of the superseding indictment charges

10  securities fraud.  In this case, it specifically involves what

11  we call tippee liability.

12                  The elements that the government would have to prove

13  for securities fraud, and in particular for tippee liability,

14  are five things:

15                  One, that there was an insider or tipper who was a

16  person to whom nonpublic confidential information had been

17  entrusted;

18                  Two, that this tipper violated a relationship of trust

19  by disclosing that information;

20                  Three, that the defendant, or the tippee, knew that

21  the tipper had violated a trust relationship;

22                  Four, that the defendant, or the tippee, used that

23  information to trade in a security or tip another individual;

24  and

25                  Five, that the scheme involved the use of interstate

L6pnmalp

1    commerce, the mails, or national security exchanges.

2           In addition, the government would have to show that

3    the tipper or the insider personally benefited in some way from

4    the disclosure and that the tippee was aware of that benefit.

5           And I would just add that, as to personal benefit, the

6    government's burden would include showing that the disclosure

7    of inside information was made for some form of gain that did

8    not need to be financial or tangible in nature but could

9    include maintaining a network, improving a reputation, or

10   obtaining future financial benefits.

11          And, finally, the government would have to prove venue

12   in the Southern District of New York by a preponderance.

13          THE COURT:  Mr. Malnik, do you understand that if you

14   pled not guilty and went to trial, the burden would be on the

15   government to prove each and every element of the crime charged

16   beyond a reasonable doubt in order to convict you?

17          THE DEFENDANT:  Yes, I do, your Honor.

18          THE COURT:  Do you understand that at trial you would

19   have the right to be represented by an attorney during all

20   stages of the proceedings, and, if necessary, an attorney would

21   be appointed for you?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Do you understand that at trial you would

24   have the right to confront and cross-examine witnesses against

25   you and the right not to be compelled to incriminate yourself?

L6pnmalp

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you understand that at trial you would

3     be presumed innocent until such time, if ever, the government

4     established your guilt by competent evidence to the

5     satisfaction of the trier of fact beyond a reasonable doubt?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Do you understand that at trial you would

8     have the right to testify and also be entitled to compulsory

9     process, in other words, the right to call other witnesses on

10    your own behalf?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Do you understand that if your plea is

13    accepted, there will be no further trial of any kind, so that

14    by pleading guilty you are waiving your right to trial?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  Do you understand that any statements you

17    make here today under oath may be used against you in a

18    prosecution for perjury or for making false statements?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  Failing to tell the truth today in this

21    proceeding is a crime.

22         Do you understand that?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  All right.  So I have been given a signed

25    copy of the plea agreement.  And am I correct, Mr. Malnik, that

L6pnmalp

1    you signed this agreement here this morning?

2              THE DEFENDANT:  Yes, I did, your Honor.

3              THE COURT:  And did you read the plea agreement before

4    you signed it?

5              THE DEFENDANT:  Yes, I did, your Honor.

6              THE COURT:  And did you discuss this agreement with

7    your lawyer, Mr. Jackson, before you signed it?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Putting the plea agreement to one side,

10   separate and apart from what is in the agreement, have any

11   threats or promises been made to you to make you plead guilty?

12             THE DEFENDANT:  No, your Honor.

13             THE COURT:  Is anyone forcing to you plead guilty?

14             THE DEFENDANT:  No, your Honor.

15             THE COURT:  Again, putting the plea agreement to one

16   side, have any understandings or promises been made to you

17   concerning the sentence that you will receive?

18             THE DEFENDANT:  No, your Honor.

19             THE COURT:  Is your plea voluntary, in other words,

20   being made of your own free will?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Now, I am going to review certain portions

23   of the plea agreement with you.  It states that you and the

24   government have reached agreement regarding the appropriate

25   calculation of your sentence under the part of our law known as

L6pnmalp

1    the sentencing guidelines and that the stipulated guidelines

2    range is from 37 to 46 months.

3              Do you understand that?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  And the agreement also states that you and

6    the government have agreed that the applicable fine range is

7    $7,500 to $5 million.

8              Do you understand that?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Do you understand that neither the

11   probation office nor the Court is bound by the guideline

12   stipulations and that the sentence to be imposed upon you is

13   determined solely by the Court?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Now, in imposing its sentence upon you,

16   the Court is obligated to calculate the applicable sentencing

17   guideline range in determining a sentence range, including

18   other sentencing factors that are set forth in Title 18, United

19   States Code, Section 3553(a).

20             Do you understand that?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Do you understand you have agreed not to

23   file a direct appeal or otherwise challenge your conviction or

24   sentence if you are sentenced within or below the stipulated

25   guidelines range?

L6pnmalp

1                  THE DEFENDANT:  Yes, your Honor.

2                  THE COURT:  And do you understand you have agreed to

3       waive your right to appeal any term of supervised release that

4       is less than or equal to the statutory maximum?

5                  THE DEFENDANT:  Yes, your Honor.

6                  THE COURT:  And do you understand you have also agreed

7       to waive your right to appeal any fine that is less than or

8       equal to $5 million?

9                  THE DEFENDANT:  Yes, your Honor.

10                 THE COURT:  Now, in light of the foregoing, how do you

11      plead?

12                 THE DEFENDANT:  I plead guilty, your Honor.

13                 THE COURT:  And are you pleading guilty because you

14      are in fact guilty?

15                 THE DEFENDANT:  Yes, your Honor.

16                 THE COURT:  Do you understand that the plea agreement

17      does not bind any prosecuting office other than the United

18      States Attorney's Office for the Southern District of New York?

19                 THE DEFENDANT:  Yes, your Honor.

20                 THE COURT:  Do you understand that, apart from any

21      proffer agreements that you may have entered into with the

22      government, the plea agreement takes the place of any prior

23      understanding you may have had with the government and that the

24      plea agreement cannot be modified except in a writing signed by

25      all parties?

L6pnmalp

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you understand that if your conviction

3   following your plea of guilty is vacated for any reason, then

4   the government is not time barred, and that if the cause of

5   action was not time barred as of the date you signed the

6   agreement, the government could reinstate its prosecution

7   against you?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Mr. Malnik, did you commit the offense to

10  which you are pleading?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Please tell me in your own words what you

13  did.

14          THE DEFENDANT:  During the summer of 2015, I purchased

15  stock in a company called Omnicare, which was traded in the New

16  York Stock Exchange after receiving information from another

17  person.  I understood that this was important confidential

18  information.  I also understood that this information was

19  originated from somebody who violated a duty to keep that

20  information confidential.  I provided something of value to

21  that person who provided me the information, and I understood

22  the person who violated a duty of trust and confidence also

23  received something in return.  I used this information to

24  purchase stock in Omnicare, and I made a profit.

25          I understand my actions were wrong, and I am deeply

L6pnmalp

1    sorry for that.  I will forever regret my conduct and the

2    profound impact that it had on my family and my friends.  I

3    also want to sincerely apologize more broadly to every person

4    impacted by my actions.

5                Thank you, your Honor.

6                THE COURT:  The acts that you just mentioned, at the

7    time that you did that, did you know what you were doing was

8    wrong and against the law?

9                THE DEFENDANT:  I did, your Honor.

10               THE COURT:  Let me ask the government, does the

11   government have any additional questions it would like me to

12   put to Mr. Malnik?

13               MR. TRACER:  I don't.  I think that's sufficient, your

14   Honor.

15               THE COURT:  All right.  Now, let me ask the

16   government, assuming that Mr. Malnik were not pleading guilty,

17   what evidence would the government proffer at trial as to his

18   guilt?

19               MR. TRACER:  Sure, your Honor.

20               If the case were to proceed to trial, the government

21   would prove the guilt of the defendant beyond a reasonable

22   doubt through the use of both documentary records and witness

23   testimony.  In particular, documentary records would include

24   trading records that relate to the defendant's trading in the

25   subject securities as well as financial records that show

L6pnmalp

1    relevant movements of money back and forth between parties in

2    this case, as well as documentary evidence that would show

3    access by insiders who obtained confidential information from

4    their investment bank employers.  In addition, the government

5    would rely on the testimony of witnesses, including at least

6    one, maybe more, cooperating witnesses who were involved in the

7    scheme with the defendant.

8              THE COURT:  Mr. Malnik, in light of all the foregoing,

9    do you still wish to plead guilty?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Mr. Jackson, you do you know of any reason

12   why Mr. Malnik ought not to plead guilty?

13             MR. JACKSON:  No, your Honor.

14             Your Honor, may I offer one clarification Mr. Malnik

15   wanted to make from earlier?

16             THE COURT:  Of course.

17             MR. JACKSON:  Mr. Malnik prior to being extradited was

18   being treated by the staff of the facility where he was

19   detained.  I think he understood your question to relate to

20   anything having to do with his competency.  There's no need to

21   elaborate on the record, but that treatment has nothing to do

22   with Mr. Malnik's competency to plead guilty and he has no

23   questions and we have no questions about his competency.  I

24   just wanted to clarify that.

25             THE COURT:  Okay.  Does the government have anything

L6pnmalp

1    it wishes me to follow up on with respect to that statement?

2          MR. TRACER:  No, your Honor.

3          THE COURT:  Okay.  So the Court is satisfied,

4    Mr. Malnik, that you understand the nature of the charges

5    against you and the consequences of your plea.  The Court also

6    is satisfied that your plea is being made voluntarily and

7    knowingly and that there's a factual basis for it.

8    Accordingly, I will recommend to District Judge Marrero that

9    your plea of guilty be accepted.  I assume the government will

10   order a copy of the transcript and will submit it together with

11   any additional paperwork so that Judge Marrero may act on my

12   recommendation.

13         MR. TRACER:  Yes, your Honor.

14         THE COURT:  Will you also deliver the case summary for

15   purposes of the presentence report to the probation department

16   within 14 days?

17         MR. TRACER:  Yes.

18         THE COURT:  And let me ask Mr. Jackson, will you be

19   available to be interviewed by the probation department with

20   your client within 14 days?

21         MR. JACKSON:  Yes, your Honor.

22         THE COURT:  Has Judge Marrero set a control date for

23   the sentencing?

24         MR. TRACER:  We have not, your Honor, and we would ask

25   that your Honor set one first, and then we will follow up with

L6pnmalp

1     chambers of Judge Marrero.

2              THE COURT:  Okay.  So I'm going to set a control date

3     of October the 25th, 2021, but that is merely a control date

4     and obviously Judge Marrero controls his own calendar so

5     counsel is directed to contact Judge Marrero for that purpose.

6              All right.  Is there anything else from either side?

7              MR. TRACER:  Not from the government.

8              MR. JACKSON:  Nothing from the defense.

9              Thank you, your Honor.

10             THE COURT:  All right.  Thank you.

11             This matter is adjourned.

12             (Adjourned)

13

14

15

16

17

18

19

20

21

22

23

24

25